UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:08-CR-84-jgm-01 |
| | : | |
| JOEL C. SIEGEL, | : | |
| Defendant. | : | |
| _____ | : | |

RULING ON MOTION TO TRANSFER JURISDICTION
OVER SUPERVISED RELEASE AND/OR MODIFY
CONDITIONS OF SUPERVISED RELEASE
(Doc. 35)

I.  Introduction

Defendant Joel C. Siegel (Siegel or Defendant) moves to transfer jurisdiction of his supervised release to the Northern District of Illinois, or, in the alternative, to modify the conditions of his supervised release. (Doc. 35.) The government opposes the motion. (Doc. 41.) While the Defendant seeks transfer of jurisdiction or modification of the terms of his supervised release, which begins upon his release from the custody of the Bureau of Prisons (BOP), the government's opposition focuses on Defendant's release to a Community Corrections Center[1], which begins prior to his release from BOP custody.[2] Defendant has also filed a reply. (Doc. 44.)

---

[1] Defendant notes at some point the BOP began referring to "halfway houses" as Residential Reentry Centers (RRC) instead of the former term Community Correctional Centers (CCC), the term the government uses. The Court uses the terms RRC and CCC interchangeably.

[2] As the government points out, Section 3621 of Title 18 of the United States Code authorizes the Bureau of Prisons to designate the place of a prisoner's confinement. 18 U.S.C. § 3621(b); Doc. 41 at 3-4. Moreover, "a sentencing court has no authority to order that a convicted defendant be confined in a particular facility." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995) (confinement to a particular facility is "within the sole discretion of the Bureau of Prisons"). Accordingly, the government is correct -- and Defendant acknowledges -- the Court should not "order the BOP to vary from its procedures and protocol to accommodate this defendant" as any such order would "have no effect on the BOP's authority to determine where it in its experience and wisdom should house this defendant upon his release from prison." (Doc. 41 at 4-5; Doc. 44 at 4 ("Mr. Siegel submits that this Court cannot, and he has not asked that it, refer him to an RRC in

II.     Background

In December 2008, Defendant pleaded guilty to one count of interstate transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), and was subsequently sentenced to 78 months' imprisonment and five years of supervised release. (Doc. 33.) Though he was prosecuted in Vermont, Defendant resided in Illinois at the time of his offense and had lived there all his life. (Doc. 41 at 4.) Defendant is currently incarcerated at the Low Security Correctional Institute-Allenwood (LSCI-Allenwood) in Pennsylvania. (Doc. 35 at 3; Doc. 41 at 1.)

According to the parties, Defendant is projected to be released on January 31, 2014, via Good Conduct Time Release. (Doc. 35 at 3; Doc. 41 at 1-2.) In September 2012, an Institutional Referral for RRC Placement form was completed by officials at LSCI-Allenwood and sent to the District of Vermont Probation Office. See Doc. 41-5. Defendant's anticipated release date is January 31, 2014 and the release city is listed as Burlington, Vermont. Id. The form recommends "150-180 [d]ays RRC placement and the full range of community programs." Id. After unsuccessfully seeking release to Chicago through the Northern District of Illinois Probation Office

---

Chicago.").) The Defendant, however, has not moved the Court for an order directing the BOP to do anything.

The Court notes, however, that while it may not order Defendant released to a certain facility, the BOP is required to consider the factors set forth in 18 U.S.C. § 3621(b) when transferring an inmate to an RRC. Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006). Two of those factors are the "history and characteristics of the prisoner" and "any statement by the court that imposed the sentence." 18 U.S.C. § 3621(b)(3-4). Here, Defendant is now 68, and a life-time resident of the Chicago area with no ties to Vermont. (Doc. 35 at 5-6.) This Court, as the sentencing court, notes Defendant's release to an RRC in Illinois would be logical and "provide the greatest likelihood of [Defendant's] successful reintegration into the community." (Doc. 41-5). Further, 18 U.S.C. § 3624(c) provides the BOP "shall . . . ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . , under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c). Defendant's community is Illinois, not Vermont. Accordingly, the Court recommends Defendant be designated to serve the RRC placement portion of his sentence at an RRC in Illinois.

2

(Doc. 35 at 4-5; Doc. 41 at 2), Defendant now seeks an order from this Court transferring his supervised release to the Northern District of Illinois or modifying the conditions of his supervised release to allow his residence there.[3]

III.  Discussion

As Defendant states, 18 U.S.C. § 3605 allows for transfer of jurisdiction over a supervised releasee.  It provides: "A court, after imposing a sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court."  18 U.S.C. § 3605.  18 U.S.C. § 3624(e) provides a "term of supervised release commences on the day the person is released from imprisonment."[4]  18 U.S.C. § 3624(e).  Because defendant will not be released from his imprisonment until January 31, 2014, he is not yet "on" supervised release.  Accordingly, the Court may not transfer jurisdiction over his supervised release at this time[5] and his motion requesting that relief must be denied.  See United States v. Bass, 233 F.3d 536, 537-38 (7th Cir. 2000) (discussing district court's authority under 18 U.S.C. § 3605 to transfer jurisdiction and stating "the statute is limited to defendants who are on supervised release").

Alternatively, Defendant seeks an order from this Court modifying the conditions of his supervised release under 18 U.S.C. § 3583(e)(2) to allow his residence in the Northern District of

---

[3] The terms of his supervised release currently contain the standard condition: "the defendant shall not leave the judicial district without the permission of the court or probation officer."  (Doc. 33 (Judgment) at 3.)

[4] Courts have interpreted this to mean it begins when the defendant becomes subject in fact to the terms and conditions of the supervised release.  See, e.g., United States v. Miller, 547 F.3d 1207 (9th Cir. 2008) (holding transfer to work-release program did not commence supervised release term).

[5] The Court notes, however, the BOP's Institutional Referral for RRC Placement form contemplates the proposed district of supervision differing from the sentencing district.  See Doc. 41-5.

3

Illinois. (Doc. 35.) 18 U.S.C. § 3583(e)(2) allows the court to, after considering certain 18 U.S.C. § 3553(a) factors[6], "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure." Federal Rule of Criminal Procedure 32.1(c) governs such modification. It requires a hearing before modification unless "(A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of . . . supervised release; and (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c). Here, Defendant clearly waives a hearing (Doc. 35 at 7), and as the relief is sought by the Defendant himself and would not extend the term of his supervised release, both subsections (A) and (B) are satisfied. While the government has received notice of the relief Defendant seeks and has opposed Defendant's motion (Doc. 41), it did not specifically address the modification that Defendant has requested, namely "a modification permitting him to live in the Northern District of Illinois" upon his release from incarceration.[7] (Doc. 35 at 7-8.) Accordingly, the Court requests the government

---

[6] The Court notes the first § 3553(a) factor includes the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), which, as discussed above, includes residing in Illinois all his life.

[7] The Court notes, on September 18, 2012, the District of Vermont Probation Office advised Defendant "it is unlikely that, given your residential history, you will need to return to the District of Vermont to serve your term of supervised release. Since it is my understanding that you are eligible to participate in a halfway house placement prior to the completion of your sentence, I anticipate that it will be in a halfway house in the Chicago area." (Doc. 44-2.) According to the government, Defendant has been refused a "halfway house" placement in Illinois because he has not provided "a specific residence to which he would be released." (Doc. 41 at 2.) A "halfway house" is defined in Black's Law Dictionary as a "transitional housing facility designed to rehabilitate people who have recently left a prison . . . facility." Black's Law Dictionary 718 (7th ed. 1999). In keeping with the sentiment expressed by the District of Vermont Probation Office, the Court's perception is that a defendant who intends to return to a particular area would be more likely to acquire a specific residence in that area if he were assigned to a halfway house there rather than one over 1,000 miles away.

submit any objection to the requested modification by February 28, 2013, to ensure the government has a reasonable opportunity to object and therefore satisfy subsection (C) before the Court considers the requested modification.

IV.  Conclusion

Defendant's motion to transfer jurisdiction of his supervised release, or in the alternative for a modification of supervised release, is DENIED in part.  The Court cannot transfer jurisdiction of supervised release while Defendant is incarcerated.  Regarding the motion to modify the conditions of supervised release, the government shall submit any objection to the requested modification by February 28, 2013.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 7th day of February, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge